# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**OTIS HOWZE**                                             **CIVIL ACTION**

**VERSUS**                                                      **NUMBER 07-457-FJP-DLD**

**FOSTER WHEELER CONSTRUCTORS
& COMPANY, INC., ET AL**

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's Motion to Remand (rec. doc. 3).  The motion is opposed.

### Background and Argument of Parties

Plaintiff filed suit in Louisiana state court for personal injuries sustained when an employee of defendant Foster Wheeler Constructors & Company, Inc. (Foster Wheeler), allegedly intentionally dropped a heavy piece of metal on the plaintiff's head.  The plaintiff initially sued in Alabama state court, but that action was dismissed on procedural grounds.[1]

It is not disputed that the parties in this action are of diverse citizenship.  Plaintiff is a citizen of Alabama.  Defendant Foster Wheeler is a citizen of Delaware and New Jersey, Liberty Mutual Insurance Company is a citizen of Massachusetts, Laurie Makowski is a citizen of New Jersey, and John Doe, the fictitiously named employee of Foster Wheeler, is alleged, by the plaintiff, to be a citizen of Louisiana.  Therefore, the issue in this matter is not whether the court has diversity subject matter jurisdiction.  Rather, the issue is

---

[1]The plaintiff argues that the former Alabama action was dismissed based on a fraudulent affidavit by another employee of Foster Wheeler, Laurie Makowski., who is named as a defendant in this litigation.

whether the citizenship of the fictitious employee should be considered so that removal is barred under the "local defendant" exception to 28 U.S.C. § 1441(b).

The plaintiff concedes that under normal circumstances, the citizenship of fictitious defendants is ignored for determining diversity jurisdiction under 28 U.S.C. §1441(a), but argues that in certain circumstances, such as these, the fictitious defendant's citizenship should be considered.  Specifically, plaintiff argues that the identity of the fictitious employee defendant is readily ascertainable from the face of the petition, and is "determinable through his acts or the specific allegations against him and is not merely named for purposes of defeating diversity jurisdiction," so his alleged Louisiana citizenship should be considered.[2]  Furthermore, plaintiff argues, the defendant employer is in a position to know the identity of its employee, and should not equitably be allowed, by virtue of withholding that identity, to "force the plaintiffs from their chosen state court forum into federal court."[3]  The plaintiff argues that the fictitious defendant, John Doe, has been in the lawsuit since its inception; he was directly involved in action that gave rise to the litigation; and the defendant Foster Wheeler, not the plaintiff, is in a position to know his identity.  For all of these reasons, the plaintiff argues that in these exceptional circumstances, the alleged Louisiana citizenship of John Doe should be considered, and removal not permitted pursuant to 28 U.S.C. §1441(b).

---

[2]*Memorandum in Support of Motion to Remand* (rec. doc. 4), p. 3, citing *Marshall v. CSX Trans. Co., Inc.*, 916 F.Supp.1150, 1152 (M.D.Ala.1995), citing *Lacy v. ABC Ins. Co.,* 1995 WL 688786 at *3 (E.D.La. 1995); *Brown v. TranSouth Financial Corp.*, 897 F.Supp. 1398, 1401-02 (M.D.Ala. 1995); *Tompkins v. Lowe's Home Center, Inc.*, 847 F.Supp. 462 (E.D.La. 1994), citing *Green v. Mutual of Omaha*, 550 F.Supp. 815, 818 (N.D.Cal. 1982).

[3]*Memorandum in Support of Motion to Remand* (rec. doc. 4), citing above jurisprudence.

-2-

In opposition, the defendant argues that in each case cited by the plaintiff, the fictitious defendant was identified after the case was removed, and prior to remand.  In this case, the defendant argues that it has been six years since the plaintiff's injury, and the plaintiff has still not identified John Doe. Presumably, defendant is arguing that the equitable considerations advanced by plaintiff regarding defendant's sole knowledge of the identity of John Doe are disingenuous.

Defendant argues that the removal statute, 28 U.S.C. §1441(a), expressly states that the citizenship of fictitious defendants shall be ignored in determining whether the court has diversity jurisdiction, and under 28 U.S.C. §1441(b), "removal based on diversity is only improper where a defendant 'properly joined and served' is a citizen of the forum state."[4] Therefore, defendant argues, "regardless of whether John Doe's citizenship can be considered, it is undisputed that he has not been 'joined and served' so as to preclude removal."[5]

### Applicable Law and Discussion

As stated above, the issue in this matter is not whether the court has subject matter jurisdiction.  All of the parties are of diverse citizenship, whether or not the alleged Louisiana citizenship of John Doe is considered.  Instead, the issue is whether John Doe's alleged Louisiana citizenship should be considered, so that removal is improper under 28 U.S.C. §1441(b).  The Fifth Circuit has held that an improper removal under 28 U.S.C.

---

[4]*Memorandum in Opposition to Plaintiff's Motion to Remand* (rec. doc. 6), p. 4.

[5]*Memorandum in Opposition to Plaintiff's Motion to Remand* (rec. doc. 6), p. 4.

§1441(b) does not implicate the subject matter jurisdiction of the court, and is a procedural defect. *Denman v. Snapper Div.*, 131 F.3d 546, 548 & n.2 (5th Cir. 1998).

The defendant is correct that the jurisprudence cited by the plaintiff, in which the courts considered the citizenship of fictional defendants is inapposite, both procedurally and substantively.  In those cases, the plaintiff sought to amend the petition to substitute the actual names of the fictitious defendants when their identities became known.  In this case, the plaintiff does not know the identity of the fictitious defendant, and therefore there has been no motion to amend filed to substitute John Doe with his proper identity.  More importantly, in the cases cited by the plaintiff, the citizenship of the fictitious defendants was critical, as the parties were of non-diverse citizenship upon consideration of same, and the court did not have subject matter jurisdiction.  In this case, even if the identity of John Doe were known and named, according to the allegations of the plaintiff, he is a Louisiana citizen, and the parties would still be of diverse citizenship.[6]

Removal based on diversity is improper only where a defendant, properly joined and served, is a citizen of the forum state. *28 U.S.C. §1441(b).*  John Doe has not been properly joined and served, and the citizenship of fictitious defendants are not to be considered. *28 U.S.C. §1441(a)*.  The fact that John Doe's identity is unknown and thus he was not joined and served prior to removal, is perhaps unfortunate, but does not implicate the subject matter jurisdiction of the federal courts, as would a motion to amend to

---

[6]The court is not certain how the plaintiff has sufficient knowledge of the fictitious defendant's citizenship, but not his name.

-4-

substitute a non-diverse defendant for a fictitious one.[7]  The court has been cited to no authority which would allow it to consider the alleged citizenship of a still unknown and unserved fictitious defendant, and remand the action upon such amorphous consideration.

***Recommendation***

For the reasons given above,

**IT IS THE RECOMMENDATION** of the court that the plaintiff's Motion to Remand (rec. doc. 3) be **DENIED.**

Signed in Baton Rouge, Louisiana, on December 6, 2007.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[7]The court also notes that the accident occurred in 2001, and litigation was pending in Alabama prior to Louisiana, which would appear to provide adequate time for discovery of the identity of the unknown employee.

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**OTIS HOWZE**                                   **CIVIL ACTION**

**VERSUS**                                       **NUMBER 07-457-FJP-DLD**

**FOSTER WHEELER CONSTRUCTORS**
**& COMPANY, INC., ET AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 6, 2007.

**MAGISTRATE JUDGE DOCIA L. DALBY**